FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

10/9/2020

CLERK'S OFFICE
AT GREENBELT
BY ____jf____ , DEPUTY CLERK

*KOH*
EBP: USAO2018R00843

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.**  PWG20CR342 |
| | * | |
| **HOWARD WARE** | * | **(Wire Fraud, 18 U.S.C. § 1343;** |
| | * | **Forfeiture, 18 U.S.C. § 981(a)(1)(C),** |
| **Defendant** | * | **21 U.S.C. § 853(p), 28 U.S.C. § 2461(c))** |
| | * | |

\*\*\*\*\*\*\*

## INFORMATION

## COUNT ONE
### (Wire Fraud)

The United States Attorney for the District of Maryland charges that:

At all times relevant to this Information:

### Introduction

1.      Defendant **HOWARD WARE ("WARE")** was a resident of Maryland.

2.      From approximately July 2016 until November 2018, **WARE** was employed by Business 1, an environmental services company that provided remediation, disposal, recycling, and beneficial reuse solutions for contaminated soil, dredged material, and hazardous and non-hazardous waste. Business 1 operated two dozen facilities to treat contaminated material, included Facility 1, located in Upper Marlboro, Maryland.

3.      Business 2 was a trucking company based in Charlotte Hall, Maryland that frequently provided hauling services to Business 1.

4.      As part of **WARE's** duties at Business 1, **WARE** coordinated the hauling of materials to and from Facility 1 with various trucking companies, including Business 2.

5.      **WARE** had sole signatory authority for a SunTrust bank account ending in -9070 (the "**WARE** -9070 Account").

<u>**The Scheme to Defraud**</u>

6.      From in or around March 2018 through in or around July 2018, in the District of Maryland and elsewhere, **WARE** devised and intended to devise a scheme and artifice to defraud Business 1 and Business 2, and to obtain money and property from Business 1 and Business 2 by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud and with knowledge of the scheme's fraudulent nature ("the scheme to defraud").

<u>**Manner and Means of the Scheme to Defraud**</u>

It was part of the scheme to defraud that:

7.      **WARE** told Business 2 that **WARE** could provide trucks to assist Business 2 and work as subcontractors for Business 2 when **WARE** then and there well knew that **WARE** did not have trucks to provide to Business 2.

8.      Based on **WARE's** representations, Business 2 hired **WARE** as a subcontractor to help haul materials located at Business 1.

9.      **WARE** never provided any trucks to Business 2.

10.     **WARE** submitted false invoices to Business 2 for work that **WARE** never performed.

11.     Business 2, in turn, billed Business 1 for work that Business 2 performed along with work that **WARE** claimed to have performed.

12.     Business 1, through Business 2, paid **WARE** for work that **WARE** did not perform.

2

13.     **WARE** used the fraudulently obtained funds to pay for his own personal expenses.

### The Charge

14.     On or about March 19, 2018, in the District of Maryland and elsewhere, the defendant,

**HOWARD WARE,**

for the purpose of executing and attempting to execute the scheme to defraud, did knowingly transmit and cause to be transmitted by means of wire communication, in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, that is, **WARE** transmitted and caused to be transmitted a wire communication from the **WARE** -9070 Account in Maryland to a server located outside of Maryland, caused by the deposit of a $6,920 check from Business 2 into the **WARE** -9070 Account.

18 U.S.C. § 1343

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1.       Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One of this Information.

2.       Upon conviction of the offense set forth in Count One of this Information, the defendant,

**HOWARD WARE,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.  The property to be forfeited includes, but is not limited to, a money judgment in the amount of at least $233,040 in U.S. currency.

3.       If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

        a.       cannot be located upon the exercise of due diligence;

        b.       has been transferred or sold to, or deposited with, a third party;

        c.       has been placed beyond the jurisdiction of the court;

        d.       has been substantially diminished in value; or

        e.       has been commingled with other property which cannot be divided without difficulty;

the United States of America, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C.

§ 2461(c), shall be entitled to seek forfeiture of substitute property up to the value of the

forfeitable property described above.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853(p)
28 U.S.C. § 2461(c)

Date:   October 9, 2020                    *Robert K. Hur*

                                          Robert K. Hur
                                          United States Attorney

5